## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

**Beth Grenier**

   **v.**

                                   Civil No. 14-cv-153-PB
                                   Opinion No. 2015 DNH 133

**Carolyn Colvin,**
**Acting Commissioner,**
**Social Security Administration**

### MEMORANDUM AND ORDER

Beth Grenier appeals the Commissioner's denial of her applications for a period of disability, disability insurance benefits, and supplemental security income. She argues that the Administrative Law Judge (the "ALJ") impermissibly ignored a medical opinion in the record finding that Grenier can work only in supportive one-on-one settings. Because this opinion is material to Grenier's claim and is not cumulative of any other evidence that the ALJ's decision does consider, I conclude that the ALJ was required to address it. His failure to do so, therefore, was legal error that requires remand for further administrative proceedings.

### I.   BACKGROUND

Pursuant to this Court's Local Rule 9.1, the parties have submitted a statement of stipulated facts (Doc. No. 13). See LR

9.1.  Because this statement is part of the Court's record, I need not recount it here.  Facts relevant to the disposition of this matter are discussed as necessary below.

## II.  <u>**STANDARD OF REVIEW**</u>

42 U.S.C. § 405(g) authorizes me to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner.  My review "is limited to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  Findings of fact made by the ALJ are accorded deference as long as they are supported by substantial evidence.  Id.  Substantial evidence to support factual findings exists "'if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.'" Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).  If the substantial evidence standard is met, factual findings are conclusive even if the record "arguably could support a

2

different conclusion."  Id. at 770.  Findings are not conclusive, however, if they are derived by "ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam). The ALJ is responsible for determining issues of credibility and for drawing inferences from evidence in the record.  Irlanda Ortiz, 955 F.2d at 769.  It is the role of the ALJ, not the court, to resolve conflicts in the evidence.  Id.

### III.  ANALYSIS

Grenier, a 49-year-old woman, lives in New Hampshire and used to work as a cook.  She has a history of mental illness and suffers from, among other conditions, depression and post-traumatic stress disorder.  In July 2012, she applied for disability benefits on the basis of these conditions.  The ALJ denied her claim in November 2013.

Grenier now seeks remand of her denied claim because, she argues, the ALJ impermissibly ignored a medical opinion in the record concluding that she has an additional work limitation that the ALJ did not acknowledge in his residual functional capacity ("RFC") finding.  The Commissioner argues that the ALJ did not have to specifically address this opinion because a

3

different medical opinion in the record, which the ALJ both addressed and adopted in his decision, sufficiently considered the unaddressed opinion.

At step two of the sequential process, the ALJ found that Grenier suffers from two severe medically determinable impairments: depression and post-traumatic stress disorder. After concluding at step three that neither of these impairments met or exceeded a listed impairment, the ALJ then found that Grenier has the following RFC:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can do simple jobs with few social demands, persist at tasks within reasonable tolerances, maintain schedules and attendance without unreasonable interruption, and deal with simple and routine changes in the work setting.

Tr. at 16. Based on a vocational expert's testimony that a hypothetical claimant with this RFC could find work in the national economy, the ALJ denied Grenier's claim at step five.

Grenier contends that her RFC should have included an additional limitation restricting her to work in one-on-one supportive settings. To support this position, Grenier points to the opinion of Dr. Richard Root, who examined Grenier for a

4

consultative disability evaluation in December 2012. In addition to examining her in person, Dr. Root also reviewed Grenier's clinical records from West Central Behavioral Health and Dartmouth-Hitchcock Medical Center, where Grenier had previously sought treatment for depression, anxiety, and suicidal thoughts. Based on his examination of Grenier and review of these records, Dr. Root concluded, in relevant part, that "within a one-on-one supportive structured setting, Ms. Grenier has adequate skills and capabilities to understand and remember short and simple, as well as slightly complex [instructions]." Tr. at 338 (emphasis added). Dr. Root further concluded that, again "within a structured supportive one-on-one setting, [Grenier] is able to concentrate and complete tasks adequately." Tr. at 338 (emphasis added).

Thus, Dr. Root's opinion contains a work limitation that the ALJ's RFC does not reflect: that Grenier work in a one-on-one setting. But although the record before the ALJ included Dr. Root's opinion, the ALJ's decision mentions that opinion only once, in passing and on a matter unrelated to the omitted one-on-one constraint. See Tr. at 14. The ALJ's failure to directly address Dr. Root's opinion, Grenier maintains, is legal error that requires remand.

5

20 C.F.R. § 416.927(c) requires the Commissioner to evaluate "every medical opinion" that a claimant submits, "[r]egardless of its source." 20 C.F.R. § 416.927(c). Accordingly, an ALJ "must explain in the decision the weight given to . . . any opinions from treating sources, nontreating sources, and other nonexamining sources . . . ." 20 C.F.R. § 416.927(e)(2)(ii). Ordinarily, therefore, an ALJ's failure to consider a medical opinion in the record at all is legal error that requires remand. See Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). This general rule is not unwavering; thus, an ALJ need not address specific evidence in the record that either does not support the claimant's position or simply repeats other evidence that the ALJ's decision does consider. See Lord v. Apfel, 114 F. Supp. 2d 3, 13 (D.N.H. 2000). But beyond these limited exceptions, an ALJ's decision "must take into account whatever in the record fairly detracts from its weight." Diaz v. Sec'y of Health & Human Servs., 791 F. Supp. 905, 912 (D.P.R. 1992) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). Although an ALJ is free to independently evaluate the weight of a particular medical opinion in the record that supports a claimant's position, an ALJ is not free to simply ignore it. Charron v. Astrue, 2013 DNH 156, 14.

6

Applying this standard here, I agree with Grenier and conclude that the ALJ erred in ignoring Dr. Root's opinion that Grenier needed to work in a one-on-one structured setting. None of the circumstances that sometimes justify an ALJ's failure to address a particular medical opinion in the record obtain here. First, there is no question that the opinion would, if taken as true, support Grenier's position. Although the vocational expert testified that a hypothetical claimant with the RFC found by the ALJ could hold certain jobs in the national economy, he also testified that adding a one-on-one work setting limitation to that RFC would render the claimant unable to find work. See Tr. at 70-72. And second, Dr. Root's opinion is not cumulative of any other evidence that the ALJ addresses in his decision. The decision mentions Dr. Root only once, in passing and while discussing Grenier's substantial gainful activity, not her work limitations.[1] Tr. at 8. Otherwise, the decision makes no mention, favorable or unfavorable, of either Dr. Root or the

---

[1] The Commissioner points to this passing reference to show that the ALJ did consider Dr. Root's opinion and therefore satisfied his obligation to consider all relevant evidence. Merely mentioning a relevant medical opinion in an unrelated context, however, cannot satisfy the requirement to address all relevant evidence. See Hynes v. Barnhart, 379 F. Supp. 2d 220, 224 (D.N.H. 2004) ("The ALJ's RFC determination must provide a clear explanation for its evidentiary basis and reasons for rejecting medical source opinions.").

disputed one-on-one work setting limitation in general. Thus, there is no evidence showing that the ALJ considered Grenier's asserted one-on-one work setting limitation at all. Especially because that limitation would bolster Grenier's claim if accepted, the ALJ was required to address it. See Nguyen, 172 F.3d at 35; Dube v. Astrue, 781 F. Supp. 2d 27, 35 (D.N.H. 2011); Lord, 114 F. Supp. 2d at 13.

To justify the ALJ's failure to address Dr. Root's opinion, the Commissioner points to the December 2012 opinion of Dr. William Jamieson, a state agency psychologist who provided an evaluation of Grenier's work limitations due to mental illness based on his review of Grenier's medical records. Although Dr. Jamieson neither examined nor treated Grenier in person, the ALJ accorded Dr. Jamieson's opinion substantial weight. Dr. Jamieson concluded that Grenier,

> in a simple jobe [sic] setting, with few social demands and reasonably supportive supervision . . . is able to maintain persistence to task within acceptable tolerances, and to maintain schedules and attendance without unreasonable interruption. She does have limitaitons [sic] in stress tolerance, and is able to deal with only simple and routine changes in the work setting.

Tr. at 86. After according Dr. Jamieson's opinion substantial weight, the ALJ effectively adopted this evaluation as his own

8

RFC finding.  Compare Tr. at 16 with Tr. at 86.

Dr. Jamieson's opinion, the Commissioner argues, excuses the ALJ's failure to directly address Dr. Root's opinion for two reasons.  First, the Commissioner maintains that "Dr. Jamieson's findings are not facially different from Dr. Root's conclusions."  Doc. No. 12-1 at 5.  But unlike Dr. Root's opinion, Dr. Jamieson's opinion makes no mention of a one-on-one work setting limitation, an additional constraint that could, if valid, exclude Grenier from any jobs existing in significant numbers in the national economy.  See Tr. at 72.  Consequently, a material discrepancy exists between the opinions of Dr. Jamieson and Dr. Root that renders the Commissioner's argument flatly incorrect.

Second, the Commissioner claims that Dr. Jamieson addressed Dr. Root's conclusion in his own opinion.  Because the ALJ accorded Dr. Jamieson's opinion substantial weight and adopted it as his own RFC finding, the Commissioner argues, the ALJ met his duty to address Dr. Root's opinion by incorporating Dr. Jamieson's findings, including Dr. Jamieson's treatment of Dr. Root's conclusion, into his own decision.  This argument fails, however, because Dr. Jamieson's report never actually evaluates Dr. Root's finding that Grenier is limited to one-on-one work

settings. See Tr. at 82-86. It is true that Dr. Jamieson's report summarizes Dr. Root's findings, including his finding of a one-on-one work setting limitation. Tr. at 82. But Dr. Jamieson's report does not evaluate the one-on-one work setting finding by concluding, for instance, that it lacked substantial evidence or that other evidence in Grenier's medical records contradicted it. See Tr. at 82-86. Instead, after acknowledging Dr. Root's finding of a one-on-one work setting limitation, Dr. Jamieson's report simply furnishes an RFC finding that omits this limitation without explanation.[2] See Tr. at 86. Dr. Jamieson's report itself, therefore, does not address Dr. Root's one-on-one work setting limitation finding in a way that would satisfy an ALJ's duty to consider all relevant evidence. See Hynes v. Barnhart, 379 F. Supp. 2d 220, 224 (D.N.H. 2004) ("[T]he ALJ must consider all relevant evidence in the record, including the opinions and statements by all medical sources . . . The ALJ's RFC determination must provide a clear

---

[2] To the extent Dr. Jamieson's report evaluates Dr. Root's opinion at all, it indicates that Dr. Jamieson places "increased weight to recent psych CE" – presumably, Dr. Root's opinion issued earlier in December 2012. Tr. at 86. But if anything, Dr. Jamieson's placement of "increased weight" with Dr. Root's opinion only accentuated the need for him to address Dr. Root's one-on-one work setting limitation finding and explain why he rejected it.

10

explanation for its evidentiary basis and reasons for rejecting medical source opinions.") (internal citation omitted).  Thus, assuming without deciding that an ALJ can ever meet the duty to consider relevant evidence simply by adopting a separate opinion in the record that itself addresses that evidence, Dr. Jamieson's opinion provided the ALJ with no basis to do so here.

Aside from these two arguments based on Dr. Jamieson's opinion, the Commissioner argues on the merits that Grenier "points to no convincing evidence suggesting she was more limited than Dr. Jamieson or the ALJ found."  Doc. No. 12-1 at 6.  That may well be so, and the ALJ remains free on remand to perform his own evaluation of Dr. Root's one-on-one work setting limitation finding.  But governing regulations and binding precedent within this Circuit preclude the ALJ from simply ignoring that finding, as he did here.  See Charron, 2013 DNH 156, 14.

## IV.  CONCLUSION

The ALJ erred by failing to address Dr. Root's opinion regarding a one-on-one work setting limitation.  Accordingly, I grant Grenier's motion to reverse the Commissioner's decision (Doc. No. 9) and deny the Commissioner's motion to affirm her

11

decision (Doc. No. 12).  Pursuant to sentence four of 42 U.S.C.

§ 405(g), I remand the case to the Social Security

Administration for further proceedings consistent with this

decision.[3]

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 2, 2015

cc:  Bennett B. Mortell, Esq.
     T. David Plourde, Esq.

---

[3] Grenier raised other arguments in favor of remand.  See Doc. No. 9-1.  Because I grant remand on the basis of the ALJ's failure to address Dr. Root's opinion, however, I need not reach Grenier's other arguments.